UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES H. NEWELL, JR.,  )
                       )
       Plaintiff,      )
                       )   No. 3 09 0440
v.                     )   (No. 3:09mc0041)
                       )   Judge Echols
MONTGOMERY COUNTY PUBLIC )
DEFENDER'S OFFICE, ET AL., )
                       )
       Defendants.     )

## MEMORANDUM

### I INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Charles Bass Correctional Complex in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the following defendants: 1) the Montgomery County Public Defender's Office; 2) the State of Tennessee; 3) Rebecca F. Stevens, Assistant Public Defender (retired), 19th Judicial District; 4) Steven L. Garrett, Assistant District Attorney General, 19th Judicial District; 5) Norman Lewis, Sheriff of Montgomery County; and 6) the Montgomery County Sheriff's Department.[1] The plaintiff seeks money damages and injunctive relief.

The plaintiff avers that he was arrested in September 2005, and booked on charges of "domestic assault and criminal attempt to commit murder."[2] Fifteen months later, in October, 2006, the plaintiff pled guilty to attempted second-degree murder. The plaintiff alleges that Assistant

---

[1] The defendants to this action represent a compilation of those defendants identified in the style of the case, and those identified in the body of the complaint

[2] The statement of the plaintiff's claims consists of 5 pages numbered as page 6, and 3 pages numbered as page 7, arranged in the following order: 6-6-7-6-6-7-6-7. This, plus the fact that the plaintiff repeats many of his allegations on multiple pages, makes it impractical to refer to the complaint beyond noting that the plaintiff's claims appear in paragraphs IV and V

Public Defender Stevens was unprofessional and unethical in her representation, and that she and Assistant District Attorney General Garrett coerced him into entering the plea agreement. According to the plaintiff, the trial judge permitted him to withdraw his guilty plea in March, 2008 "due to coercion." The plaintiff claims that he was then tried for the offense(s) on September 21, 2008.

In addition to the foregoing, the plaintiff raises numerous conditions of confinement claims relating to those times during which he was incarcerated in the Montgomery County Jail from 2005 to 2008. The plaintiff's myriad conditions-of-confinement claims include: false imprisonment, cruel and unusual punishment, mail tampering, denial of visitation rights, and theft of personal property.

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898

2

F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

### A. The Montgomery County Public Defender's Office

The crux of the plaintiff's claim against the Montgomery County Public Defender's Office is that he "had an exemplary record and impeccable character before [he] was misrepresented" by retired Assistant Public Defender Stevens.

Although the Sixth Circuit does not appear to have addressed whether a public defender's office is a "person" for purposes of § 1983, in a lengthy opinion on a similar question, the Third Circuit held that a district attorney's office is not a person within the meaning of § 1983, because a district attorney's office is not a body politic or corporate. *Reitz v. County of Bucks*, 125 F.3d 139 (3rd Cir. 1997). The reasoning in *Reitz* parallels that in *Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007) and *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), in which the Sixth Circuit determined that a sheriff's office/department is not a person within the meaning of § 1983 for the same reason. As reasoned above, the Court finds that a public defender's office is not a "person" within the meaning of § 1983. Consequently, the plaintiff's claim against the Montgomery County Public Defender's Office fails to satisfy the second part of the two-part test under *Parratt, supra* at p. 2.

Even if it were determined that the Montgomery County Public Defender's Office is a person within the meaning of § 1983, it is apparent from the complaint that the plaintiff's legal theory as to the Montgomery County Public Defender's Office is that it is liable for the representation provided by retired Assistant Public Defender Stevens. The law is well established, however, that actions brought against state actors cannot be maintained on a theory of *respondeat superior, see*

3

*e.g., Monell v. Dept of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), unless the defendant was personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). In other words, for vicarious liability to attach, the Montgomery County Public Defender's Office would have had to have "encouraged ... directly participated ... authorized, approved, or knowingly acquiesced ..." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The plaintiff does not allege that the Montgomery County Public Defender's Office was directly responsible for any of the alleged actions of retired Assistant Public Defender Stevens. Nor does he allege that she acted pursuant to a policy or custom attributable to the Montgomery County Public Defender's Office that violated his constitutional rights. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). Consequently, even if the Montgomery County Public Defender's Office were a person within the meaning of § 1983, it is not liable to the plaintiff under the plaintiff's legal theory, *i.e.*, under the doctrine of *respondeat superior*.

The plaintiff's claim against the Montgomery County Public Defender's Office lacks an arguable basis in law or fact. Accordingly, it will be dismissed as frivolous.

B. The State of Tennessee

In his complaint, the plaintiff asserts that Assistant District Attorney General Garrett was "acting for the STATE OF TENNESSEE ..." Apart from this single assertion, the plaintiff provides no factual allegations relevant to the State of Tennessee's liability anywhere else in the statement of his claim.

It is apparent from the foregoing that the plaintiff's legal theory as to the State of Tennessee

4

is that it is vicariously liable for the alleged actions of Assistant District Attorney General Garrett. For the same reasons explained, *supra* at pp. 3-4, the State of Tennessee is not liable to the plaintiff under the doctrine of *respondeat superior* for the alleged actions of Assistant District Attorney General Garrett. Therefore, the plaintiff's claim against the State of Tennessee will be dismissed for failure to state a claim on which relief may be granted.

### C. Retired Assistant Public Defender Stevens and Assistant District Attorney General Garrett

The plaintiff levels numerous allegations against retired Assistant Public Defender Stevens and Assistant District Attorney General Garrett. However, the complaint sues both defendants only in their official capacity.

"A suit against an individual in [their] official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent, *Matthews*, 35 F.3d at 1049; *see also Will v Michigan Dep't of State Police*, 491 U.S. 58, (1989), in this case, the State of Tennessee. However, governmental entities cannot be held responsible for a constitutional deprivation, unless there is a direct causal link between a state policy or custom and the alleged constitutional violation. *Monell*, 436 U.S. at 691; *Gregory v Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000). The plaintiff does not allege, nor can it be liberally construed from the complaint, that the above-named defendants acted according to any such policy or custom attributable to the State of Tennessee. Consequently, the State of Tennessee has no liability under § 1983 with respect to the alleged acts and/or omissions of the above-named defendants.

For the reasons explained above, and *infra* at p. 6, n 3, the plaintiff's claims against retired Assistant Public Defender Stevens and Assistant Attorney General Garrett lack an arguable basis

5

in law or fact. Accordingly, these claims will be dismissed as frivolous.[3]

## D. Sheriff Lewis

The plaintiff alleges that Sheriff Lewis "and his deputies" kept him falsely imprisoned from September 2005 until December 2008. The plaintiff also raises numerous conditions of confinement claims that allegedly occurred during this time.

The complaint sues Sheriff Lewis only in his official capacity. (Docket Entry No. 1, ¶ III.B.3, p. 5) A sheriff sued in his official capacity is deemed to be a suit against the county. *Marchese v. Lucas*, 758 F.2d 181, 189 (6th Cir. 1985)(citing *Brandon v. Holt*, 469 U.S. 464 (1985)). Since the plaintiff is, in essence, suing the County of Montgomery, he must claim that the alleged violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 690-91; *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 1996). The plaintiff does not allege, nor can it be liberally construed from the complaint, that any such county policy, regulation, decision, custom, or tolerance of a custom of such violations was responsible for the violations alleged.

As reasoned above, the County of Montgomery has no liability under § 1983. Therefore, the plaintiff's claim against Sheriff Lewis will be dismissed for failure to state a claim on which relief may be granted.

---

[3] In addition to the foregoing, the law is firmly established that a public defender, or court appointed counsel, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321 (1981); *see also Flagg Bros.*, 436 U.S. at 155-57; *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998), opinion amended on other grounds by *Catz v. Chalker*, 243 F.3d 234 (6th Cir. 2001). Furthermore, prosecutors are generally accorded absolute immunity from § 1983 liability when acting within the scope of their prosecutorial duties. *See Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000)(citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). The plaintiff does not allege, nor can it be liberally construed from the complaint, that retired Assistant Public Defender Stevens and Assistant District Attorney General Garrett were acting outside the scope of their duties as a public defender and a prosecutor. Accordingly, retired Assistant Public Defender Stevens is not a person for purposes of § 1983, and Assistant District Attorney General Garrett is entitled to absolute immunity. The plaintiff's claims against these two defendants are subject to dismissal on these grounds as well.

6

E. The Montgomery County Sheriff's Department

The plaintiff seeks money damages and injunctive relief from the Montgomery County Sheriff's Office for the acts and omissions of those in its employ.

Sheriffs' offices and police departments are not bodies politic, and as such, are not persons within the meaning of § 1983. *See Petty,* 478 F.3d at 347 (a sheriff's office is not a legal entity that can be sued under § 1983); *Matthews,* 35 F.3d at 1049 (a police department is not a person for purposes of § 1983); *Timberlake by Timberlake v. Benton,* 786 F.Supp. 676, 682-83 (M.D. Tenn. 1992)(police departments are not persons within the meaning of § 1983). Because the plaintiff cannot satisfy the second half of the two-part test under Parratt, *supra* at p. 2, he fails to make a *prima facie* showing of a violation under § 1983. Therefore, this claim will be dismissed for failure to state a claim on which relief may be granted.

III. CONCLUSION

The complaint will be dismissed as frivolous and for failure to state a claim on which relief may be granted. An appropriate order will enter.

Robert L. Echols
United States District Judge